## UNITED STATES DISTRICT COURT

for

### EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

U.S.A. vs. Kelly Braden Cain

Docket No. 5:04-CR-210-1F

### Petition for Action on Supervised Release

COMES NOW Keith W. Lawrence, probation officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Kelly Braden Cain, who, upon an earlier plea of guilty to Conspiracy to Distribute 500 Grams or More of Cocaine, in violation of 21 U.S.C. §§ 846 and 841, was sentenced by the Honorable James C. Fox, Senior U.S. District Judge, on November 10, 2004, to the custody of the Bureau of Prisons for a term of 30 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for five years under the standard conditions adopted by the court and the following additional conditions:

1.     The defendant shall consent to a warrantless search by a United States Probation Officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

2.     The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

3.     The defendant shall abstain from the use of any alcoholic beverages, shall not associate with individuals consuming alcoholic beverages, shall not frequent business establishments whose primary product to the consumer is alcoholic beverages, and shall not use any medication containing alcohol without the permission of the probation office or a prescription from a licensed physician.

4.     The defendant shall participate in a program of mental health treatment, as directed by the probation office.

Kelly Braden Cain was released from custody on July 7, 2006, at which time the term of supervised release commenced.

On December 7, 2007, as a result of the defendant admitting to using cocaine on December 4, 2007, a Violation Report was forwarded to the court advising that the defendant had admitted to using cocaine. The court agreed to continue supervision so that the defendant could benefit from substance abuse counseling.

On April 21, 2008, as a result of the defendant admitting to using cocaine on April 15, 2008, the court modified his conditions of supervised release to include 180 days of the home detention program.

On April 28, 2010, as a result of the defendant admitting to using cocaine on March 17, 2010, a revocation hearing was held. At that time, the term of supervised was revoked, and the defendant was given credit for time served in custody prior to the revocation hearing. Furthermore, supervised release was reimposed for 36 months under the standard conditions and the following additional conditions:

1.     The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

2.     The defendant shall abstain from the use of any alcoholic beverages, shall not associate with individuals consuming alcoholic beverages, shall not frequent business establishments whose primary product to the consumer is alcoholic beverages, and shall not use any medication containing alcohol without the permission of the probation office or a prescription from a licensed physician.

3.     The defendant shall abide by all conditions and terms of the home detention program for a period not to exceed 180 consecutive days. The defendant shall be restricted to his residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the probation officer. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The defendant shall pay for electronic monitoring services as directed by the probation officer.

On July 16, 2010, as a result of new criminal conduct, a Violation Report was forwarded to the court. The court agreed to continue supervision until adjudication in state court. Those charges were dismissed on August 23, 2010.

On October 26, 2011, as a result of new criminal conduct, a Violation Report was forwarded to the court. The court agreed to continue supervision until adjudication in state court. Those charges were dismissed on January 5, 2012.

On December 15, 2011, as a result of new criminal conduct, a Violation Report was forwarded to the court. The court agreed to continue supervision until adjudication in state court. Those charges were dismissed on December 13, 2012.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**On January 24, 2013, the defendant submitted a urine sample that tested positive for cocaine. As a sanction for this conduct, and in an effort to deter future drug use, we are recommending that the conditions of supervised release be modified to include 20 days in the custody of the Bureau of Prisons. Furthermore, we will continue to monitor his substance abuse through the Surprise Urinalysis Program. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

       **PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1.     The defendant shall be confined in the custody of the Bureau of Prisons for a period of 20 days, commencing as soon as can be arranged by his probation officer and shall abide by all rules and regulations of the designated facility.

     Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.

/s/Robert K. Britt
Robert K. Britt
Senior U.S. Probation Officer

/s/Keith W. Lawrence
Keith W. Lawrence
U.S. Probation Officer
310 Dick Street
Fayetteville, NC 28301-5730
Phone: (910) 483-8613
Executed On: February 4, 2013

**ORDER OF COURT**

Considered and ordered this ___4th___ day of ___February___, 2013, and ordered filed and made a part of the records in the above case.

James C. Fox
Senior U.S. District Judge